United States District Court
Southern District of Texas
FILED

DEC 2 2 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARIA GALLARDO-GOMEZ ) | |
| ) | |
| ) | C.A. No. B-03-232 |
| v. ) | |
| ) | |
| PHILIP D. TUTAK, DHS INTERIM DISTRICT ) | DHS A No. 90 747 870 |
| DIRECTOR FOR INTERIOR ENFORCEMENT, ) | |
| and ) | |
| JOHN ASHCROFT, ATTORNEY ) | |
| GENERAL OF THE UNITED STATES. ) | |

## PETITION FOR WRIT OF HABEAS CORPUS

MARIA GALLARDO GOMEZ, Petitioner, files the instant Petition for Writ of Habeas Corpus, and shows as follows:

### I. JURISDICTION AND VENUE

1. Jurisdiction herein arises under 28 U.S.C. §2241 (habeas corpus), and §1331 (federal question).

2. The Petitioner Ms. Gallardo Gomez is under an administratively final order of removal (See Exhibit A) which order places significant restrictions on her liberty not shared by the populace at large, including the fact that she cannot travel outside of the United States. *Jones v. Cunningham* 371 U.S. 236, 240(1963). Her immigration proceedings were held and the removal order was entered at the Harlingen, Cameron County, Texas, Immigration Court.

3. The Respondent Tutak maintains his offices in Harlingen, Cameron County, Texas, within the jurisdiction of this court.

### II. THE PARTIES

4. Petitioner Ms. Gallardo Gomez has been a legal permanent resident for thirteen (13) years. She is a thirty-seven (37) year old native and citizen of Mexico who became a legal permanent resident at the age of twenty-four (24). She has a single state court judgment of deferred adjudication in May, 1999 for possession of marijuana occurring in Brooks County, Texas. She has no subsequent or prior criminal involvement.

5. Respondent Philip Tutak is an Interim District Director of the Harlingen, Cameron County, Texas, office of the Department of Homeland Security ("DHS"). He is sued in his official capacity only.

6. Respondent John Ashcroft is the Attorney General of the United States. He is also sued in his official capacity only.

## III. THE FACTUAL ALLEGATIONS

7. Petitioner was admitted to the United States as a lawful permanent resident ("LPR") in 1990. She originally came to the United States in 1976 when she was about ten (10) years old. She is married to a US citizen spouse since 1995 and she has three (3) U.S. citizen daughters ranging in age from fourteen (14) to seven (7) years of age. She works as a clerk and as a janitor. Her father and three sisters are legal permanent residents. Three siblings are U. S. citizens.

8. On or about August 6, 1998, Ms. Gallardo Gomez was found with fifteen pounds of marijuana. On May 27, 1999, she was given two years deferred adjudication for first time possession of marijuana. Prior to this time and subsequently, Petitioner had no other criminal involvement. She fully complied with the terms of the deferred adjudication.

9. Immigration proceedings against Petitioner began on February 17, 2000, charging removability based on a violation of laws involving controlled substances which Petitioner admitted and based on commission of the aggravated felony of illicit trafficking in drugs which were denied.. Her application for cancellation of removal was filed and the fee paid on May 15, 2001. On August 27, 2002, the Immigration Judge pretermitted the case, determining that both grounds of removability were established and that the conviction constituted an aggravated felony making Petitioner ineligible for relief from removal termed cancellation of removal pursuant to 8 U.S.C. 1229 B(a), Sec. 240A(a) of the Immigration and Naturalization Act and/or for voluntary departure. The Court also denied a motion to terminate proceedings.

10. The Petitioner appealed the decision to the Board of Immigration Appeals (BIA) and on December 3, 2003, the Board affirmed the decision of the Immigration Judge without opinion. A copy of the BIA decision is attached as Exhibit B hereto. Petitioner alleges that except for the administrative proceedings detailed herein, she has sought no court review of the validity of any immigration court order or BIA decision prior to the filing of this instant suit.

11. The Petitioner exhausted her administrative remedies without having an opportunity to present her claim for relief under Immigration and Nationality Act, 8 U.S.C. 1229 B(a), cancellation of removal for legal permanent residents. She has argued that because she has lived in the United States for many years, because of her United States citizen spouse and children, her many years of residence in the U.S. from a young age, and because of her many legal relatives in the U.S., her case

should be given consideration.

12. Because Ms. Gallardo Gomez has very substantial equities in the United States, as more fully outlined herein above, it is likely that she would have qualified for cancellation of removal had her case been heard on the merits prior to the August, 2002 decision.

13. From the time of Petitioner's criminal conduct and subsequent involvement in immigration courts, from 1998 to the present, several significant legal developments in immigration law impacted upon this case as follows:

√On March 3, 1999, the BIA decided that *In Matter of Manrique*, 21 I&N Dec. 58 (BIA 1995) had been superseded by 8 USC Sec. 1101(a)(48)(A). *Matter of Roldan*Int. Dec. 3377 (BIA 1999).

√ On May 11, 2001, in *U.S. vs. Hernandez-Avalos*, 251 F. 3rd 505 (5th Cir. 2001), the Fifth Circuit held that felony possession of a controlled substance constituted an aggravated felony and suggested that uniformity would be promoted if the interpretation of the sentencing guidelines were applied to immigration cases.

√On February 14, 2002, the Board ruled in *Matter of Salazar*, Int. Dec. 3462 (BIA 2002) that, in light of *Hernandez-Avalos*, op.cit the Fifth Circuit an alien, like Ms. Gallardo-Gomez is eligible for no relief from removal.

14. Upon information and belief, Petitioner alleges that a significant number of legal permanent residents (herein LPRs) who were otherwise similarly situated, in that they plead guilty to a criminal offense involving simple first time possession of marijuana have either: 1) Received *Matter of Mannrique*, 21 I & N Dec. 58 (BIA 1995) treatment and their proceedings were terminated without further appeal; and/or 2) filed for and received cancellation of removal.

## IV. THE CAUSE OF ACTION

### HABEAS CORPUS

Petitioner reasserts and incorporates by reference paragraphs 1- 14 herein.

Petitioner Ms. Gallardo Gomez asserts that the removal order violates the laws and Constitution of the United States, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

*1. Impermissible Retroactive Application of Law*

Petitioner alleges that the 2003 Board decision impermissibly violates her due process rights and federal law as enunciated in *INS v. St. Cyr*, 533 U.S. 289, 121 S. Ct.

2271, 150L. Ed 2d 347 (2001) by applying new laws retroactively. By applying a court decision rendered 2 years after her guilty plea to her case, Ms. Gallardo Gomez urges that the BIA has applied decisions to her case retroactively in this immigration proceeding.

### 2. *Statutory Construction*

#### a. Aggravated Felony

Ms. Gallardo Gomez urges that the Immigration Court and the BIA erred as a matter of law in determining that *U.S. vs. Hernandez-Avalos,* op. cit. controls whether the conviction constitutes an aggravated felony. Petitioner's deferred adjudication was not considered an aggravated felony when proceedings began against her, and/or that there was a failure of notice and lack of due process in failing to allege said aggravated felony, and then later finding removability based on that ground.

#### b. Definition of Conviction

Petitioner further contends that the BIA, as a matter of law, incorrectly interpreted the meaning of, as well as the the Congressional intent of, 8 U.S.C 1101(a)(48)(A), as amended in 1996. Specifically, Ms. Gallardo Gomez urges that Congress did not intend to repeal the Federal First Offenders Act as applied to immigrants and/or Congress did not intend by its re-definition of "conviction" to include cases, such as Petitioner's, in which a state criminal court granted a two year deferred adjudication for a first time, simple possession of fifteen pounds of marijuana.

### 3. *Equal Protection*

#### i. Differing Results Depending of Federal or State Criminal Prosecution

Petitioner also claims, following the reasoning of *Lujan-Armendariz,* 222F. 3rd 728 (9th Cir. 2000). that the BIA's interpretation of the law as applied to this case violates equal protection because the Board interpretation turns on whether the immigrant was brought into state or federal court as to whether the Federal First Offender Act applies.

#### ii. Differing Results in Different Circuit Court Jurisdictions

Given the national scope of U. S. immigration law, Ms. Gallardo Gomez also asserts that it violates equal protection for the result of her case to hinge solely on the particular federal circuit in which removal proceedings are held. Had she been in immigration proceedings in the Ninth Circuit, for example, she would not have been subject to removal at all; had the proceedings been begun in the Third or Eleventh Circuits, she would have been eligible to apply for cancellation of removal. Petitioner would further show that other immigrants whose immigration proceedings arose within the Fifth Circuit, and who successfully transferred venue to other immigration courts located in certain other circuit courts have prevailed on their cancellation of removal claims.

### iii Different Results Due to Timing of Proceedings

Ms. Gallardo Gomez would show that the treatment of her case has depended on the timing of law changes and court rulings. This is best exemplified in the instant proceeding itself, in which the 2001 decision, *Hernandez-Avalos*, op. cit., serves as the basis for the immigration court decision, but the *St. Cyr*, op.cit. decision of the U.S. Supreme Court one month later is ignored in its ruling. Other varying results were also possible, based on court rulings in other cases, depending upon the date of hearing, date of law changes and date of court rulings. Some of these possibilities include:

| *Timing of Statute/Court Decisions* | *Result* |
|---|---|
| Until 1996 | Sec. 212(c) relief |
| Until 1999 | *Manrique* Relief |
| Between January, 1999-May 11, 2001 | Cancellation of Removal Hearing |

Petitioner believes that if she had received the cancellation of removal hearing outlined above she probably would have received the grant of the relief sought from the Immigration Court. Any appeal and further use of the court system would only have been by the DHS complaining of the grant of the requested relief in light of the use by the Immigration Judge of his discretion rather than on the timing of consideration of the case. It violates equal protection for the result of

whether Petitioner is given an immigration court merits hearing and allowed the possibility of remaining in the United States, or instead is denied a merits hearing and barred from continued lawful permanent resident status, separated from her immediate and extended family and permanently barred from returning to the United States, based solely on the timing of immigration proceedings.

### 4. *Substantive Due Process*

Petitioner Ms. Gallardo Gomez further and/or in the alternative asserts that a deportation of her from the United States would violate a fundamental liberty interest which she has to live and work in the United States and a right to unite with her family within the United States. *Landon vs. Plasencia*, 459 U.S. 21, 34 (1982); *Bridges vs. Wixon*26, U.S. 326 U.S. 135, 154(1945). In *Plasencia*, the Court wrote:

> Plasencia's interest here is, without question, a weighty one. She stands to lose the right "to stay and live and work in this land of freedom...Further she may lose the right to rejoin her immediate family, a right that ranks high among the interests of the individual. *Op. cit.* P.34.

As a lawful permanent resident, Ms. Gallardo Gomez enjoys the same Due Process rights, including substantive Due Process rights.

A violation of the constitutional protection to substantive due process exists when a provision, or a combination of provision, such as exists in this case operate together to create an unjustifiable conclusive presumption which is so broad that it does not meet a compelling state interest. *United States v. Salerno*, 481 U.S. 739, 747 (1987). In the instant case, the 1996 law changes brought by the Antiterrorism and Effective Death Penalty Act of 1996 (herein AEDPA), the Illegal Immigration Reform and Immigrant Responsibility Act (herein IIRIRA), which re-defined 8 U.S.C. Sec. 1101(a)(48)(A) regarding "conviction" and 8 U.S.C. 1229 B(a) which denied discretionary relief to anyone with an aggravated felony with the statutory and court established overly broad and variable definitions of the term, all create an unconstitutional presumption that all lawful permanent residents who have such a court adjudication should be barred from the United States, even when the state criminal system has determined that it is appropriate as a first time offender with a simple, non-assaultive situation to receive deferred adjudication.

*5. Procedural Due Process*

Petitioner Ms. Gallardo Gomez, additionally and/or in the alternative, urges that the Board's decision deprives her of procedural due process as required by the U.S. Constitution. *Reno v. Flores* 507 U.S. 292, 306 (1993). The Petitioner asserts an entitlement to "fair notice" of a law change. In Ms. Gallardo Gomez's case, at the time of her criminal conduct, at the time of her plea, and when immigration proceedings began, her offense was not considered an aggravated felony under immigration law and relief was available. But by the time the merits hearing was scheduled, and then later in the BIA by applying the law selectively, no recourse but removal was available. This result could not have been contemplated at the time of Ms. Gallardo Gomez's guilty plea. The concept of fair notice applies not just to criminal cases but also to civil penalties, such as removal. The U.S. Supreme Court has addressed the impermissible retroactive change in a civil penalty in *BMW vs. Gore,* 517 U.S. 559, 574, (1996). It stated:

> Elementary notice of fairness enshrined in this Court's constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose.

Because Ms. Gallardo Gomez had no notice of the civil penalty facing her at the time she plead guilty and because the penalty is much harsher than it was at the time of either her criminal conduct and/or the date of her guilty plea, the law is imposed in a retroactively impermissible fashion. This legal permanent resident in the U.S. since a child was without notice of the penalties facing him at the time of the 1999 guilty plea.

*6. International Law and Treaty Obligations*

As an additional or alternative basis for the granting of the Writ of Habeas Corpus, Petitioner Ms. Gallardo Gomez would show that the BIA decision violates international law and treaty obligations between the United States and Mexico, Ms.

Gallardo-Gomez's birth place. *Universal Declaration of Human Rights*. Doc.A/811, Part III Articles 13, 15 and 26 (1948).

*7. BIA Decision Violates Due Process and Administrative Procedures*

The BIA decision "affirms, without opinion, the results of the decision below." (Exh. B). Thus, the decision stripping the Petitioner of her long-held legal status consists of two lines. Such an opinion, without more, violates the due process and the administrative procedure rights of Mrs. Gallardo Gomez. This procedure interferes with Mrs. Gallardo-Gomez' right to a reasoned decision and it also fails to provide this Honorable Court with any basis for the BIA decision which this Court might review. This Honorable Court cannot determine whether the agency abided by its own regulations in rendering its decision, or on what basis it affirmed the Immigration Court decision. In addition, Mrs. Gallardo Gomez would show that she raised new arguments with the BIA which were not argued before the Immigration Judge; because of the nature and manner of the BIA Decision, Petitioner urges that this Honorable Court cannot evaluate the legality of the BIA review, of the decision of the court below as well as of the new arguments raised by the Petitioner on appeal. Because of the failure of the BIA to render a reviewable decision, the Writ should issue.

**V. PRAYER**

Wherefore, the Petitioner pays that this Court grant the following:

1) Assume jurisdiction over this matter;

2) Stay any removal of Petitioner;

3) Declare the Removal Order of 2003 void and unlawful and set it aside;

4) Order that Petitioner's immigration case be reopened and that Petitioner be granted a cancellation of removal merits hearing or terminate proceedings;

5) Order that Petitioner's legal permanent residency card be returned to him; and

6) Grant any other relief which this Court deems just and proper.

Respectfully Submitted,

*[signature]*

Paula S. Waddle, Attorney in Charge
107 N. 3rd
Harlingen, TX 78550
(956) 425-6987
(956) 425-7434(fax)
State Bar No 26030400
Fed. I.D. No. 5674

## VERIFICATION

I, Paula S. Waddle, hereby certify that I am familiar with the removal case of the named Petitioner, and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

*[signature]*

Paula S. Waddle
December 17, 2003

## CERTIFICATE OF SERVICE

I, Paula S. Waddle, hereby certify that a copy of the foregoing was hand delivered to Ms. Lisa Putnam, SAUSA, INS District Office, at 1701 Zoy, Harlingen, Texas 78550, on the 18 th day of December, 2003.

*[signature]*

Paula S. Waddle

IMMIGRATION COURT
201 E. JACKSON STREET
HARLINGEN, TX 78550

In the Matter of

Case No.: A90-747-870

GALLARDO-GOMEZ, MARIA GUADALUPE
    Respondent

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Aug 27, 2002.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X] The respondent was ordered removed from the United States to *Mexico*
    or in the alternative to
[ ] Respondent's application for voluntary departure was denied and
    respondent was ordered removed to
    alternative to
[ ] Respondent's application for voluntary departure was granted until
    _____ upon posting a bond in the amount of $ _____
    with an alternate order of removal to
[ ] Respondent's application for asylum was ( )granted ( )denied
    ( )withdrawn.
[ ] Respondent's application for withholding of removal was ( )granted
    ( )denied ( )withdrawn.
[ ] Respondent's application for cancellation of removal under section
    240A(a) was ( )granted ( )denied ( )withdrawn.
[ ] Respondent's application for cancellation of removal was ( ) granted
    _____ under section 240A(b)(2)
    ( ) denied ( ) withdrawn. If granted, it was ordered that the
    respondent be issued all appropriate documents necessary to give
    effect to this order.
[ ] Respondent's application for a waiver under section _____ of the INA was
    ( )granted ( )denied ( )withdrawn or ( )other.
[ ] Respondent's application for adjustment of status under section _____
    of the INA was ( )granted ( )denied ( )withdrawn. If granted, it
    was ordered that respondent be issued all appropriate documents necessary
    to give effect to this order.
[ ] Respondent's status was rescinded under section 246.
[ ] Respondent is admitted to the United States as a _____ until _____.
[ ] As a condition of admission, respondent is to post a $ _____ bond.
[ ] Respondent knowingly filed a frivolous asylum application after proper
    notice.
[ ] Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision
[ ] Proceedings were terminated.
[ ] Other: _____

Appeal: Waived/Reserved   Appeal Due By: _____

*by Respondent*

ELEAZAR TOVAR
IMMIGRATION JUDGE


EXHIBIT A

**U.S. Department of Justice**  
Executive Office for Immigration Review

**Decision of the Board of Immigration Appeals**

Falls Church, Virginia 22041

---

File: A90-747-870 - HARLINGEN                                  Date:

In re: GALLARDO-GOMEZ, MARIA GUADALUPE                          DEC - 3 2003

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Waddle, Paula

ON BEHALF OF DHS: Cheri L. Jones, Assistant District Counsel

ORDER:

PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4).

_____
FOR THE BOARD


EXHIBIT B